UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDDRELL SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.  1:20-cv-02366-JRS-DML |
| | ) |
| HINSHAW, et al, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT HINSHAWS RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Defendant, Vedora Hinshaw, by counsel, Eric A. Pagnamenta, Deputy Attorney General, respectfully requests that the Court deny Plaintiff's Motion for Default Judgment [ECF 39] because the Court granted Defendant Hinshaw's motion for an extension of time to respond to Plaintiff's Complaint until March 26, 2021. Defendant Hinshaw filed her Answer on March 26, 2021, thereby complying with the Court's order. Moreover, in response to Defendant's exhaustion defense, the Court issued a partial stay of all deadlines and discovery of matters unrelated to exhaustion of administrative remedies. Thus, there are no grounds upon which Plaintiff may obtain a default against Defendant Hinshaw.

Under Federal Rule of Civil Procedure 55, a default judgment may be entered against a party when that party "has failed to plead or otherwise defend". Fed. R. Civ. P. 55(a). Here, Defendant has not failed to plead or otherwise defend against Plaintiff's controlling complaint, which was screened on January 11, 2021.

This Circuit has a well-established policy favoring a trial on the merits over a default judgment. *Sun v. Board of Trustees of University of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir.

1984)). For that reason, a default judgment should be used only in extreme situations, or when other less drastic sanctions have proven unavailing. *Id*. Defendant has not engaged in the sort of willful, bad faith conduct which is the usual precursor of dismissal. *Tolliver v. Northrop Corp.*, 786 F.2d 316, 318 (7th Cir. 1986) (citing *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958)).

Given that Defendant has neither failed to plead nor engaged in bad faith, the extreme remedy of default judgment against her is inappropriate. Accordingly, Plaintiff's Motion for Default Judgment should be denied.

        Respectfully submitted,

        Theodore E. Rokita
        Indiana Attorney General
        Attorney number: 18857-49

By:    Eric A. Pagnamenta
        Deputy Attorney General
        Attorney No. 36066-45

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  I further certify that on April 21, 2021, a copy of the foregoing was mailed, by first-class U.S. Mail, postage prepaid, to the following non CM/ECF participant:

>Eddrell Scott
>DOC# 132122
>Pendleton Correctional Facility
>Inmate Mail/Parcels
>4490 West Reformatory Road
>Pendleton, IN 46064

>Eric A. Pagnamenta
>Deputy Attorney General

OFFICE OF INDIANA ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor
302 W. Washington Street
Indianapolis, IN  46204-2770
Phone:  (317) 232-6295
Fax:     (317)232-7979
E-mail: Eric.Pagnamenta@atg.in.gov